## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Justin Ghani, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. 2:25-CV-02282 |
| | ) |
| ARS Pharmaceuticals, Inc., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### I.    INTRODUCTION

*Pro se* Plaintiff Justin Ghani ("Plaintiff") filed the instant action against Defendant ARS Pharmaceuticals, Inc. ("Defendant"). In his Complaint, Plaintiff alleges gender discrimination and/or what may be considered associational pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. Plaintiff makes unsupported, conclusory allegations that utterly fail to meet the pleading standards set forth by Fed. R. Civ. P. 12(b)(6).

### II.    FACTUAL BACKGROUND

Plaintiff's filed a Complaint with the Court on May 29, 2025. The few facts alleged in Plaintiff's Complaint (taken as true for the purposes of this Motion only) are as follows:

- This is an employment discrimination lawsuit based on violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. Doc 1 ¶ 1.

- The discriminatory conduct occurred at the following location: 13867 Pembroke Dr, Leawood, KS 66224. Doc 1 ¶ 2.

- The discrimination took place between September 15, 2024, and March 20, 2025. Doc. 1, ¶ 3.

- The discrimination is based on gender and because he was terminated. Doc 1 ¶¶ 8-9.[1]

- Plaintiff exhausted the administrative remedies necessary to file suit. Doc. 1, ¶¶ 4-6.

- Plaintiff's "direct manager mentioned he was unhappy on several occasions that [Plaintiff] was going to take some time off when [Plaintiff's] new baby gets here." Doc. 1, ¶ 10.

- Plaintiff was "treated differently than other employees in [the] same role." *Id*.

- On March 20, 2025, Plaintiff "was pulled onto a at 330pm CST and [Plaintiff] was terminated for unacceptable performance." *Id*.

- Plaintiff's "performance was in the 50th percentile of [Plaintiff's] colleagues[,]" but the other 47 people ranked below [Plaintiff] were not let go." *Id*.

- Plaintiff "was not on a plan or part of any communication with HR" before Plaintiff's employment was terminated. *Id*.

- Plaintiff heard from "others on the team that the manager mention this is not an ideal time to have a new kid." *Id*.

- The acts allegedly committed by Defendant may still be occurring. Doc. 1, ¶ 11.

- Plaintiff no longer works for Defendant. Doc. 1, ¶ 12.

- Plaintiff seeks monetary damages, including "emotional [sic], car allowance, stock, benefits," and "[c]osts and fees involved in litigating this case" as well as "a new separation agreement with different terminology used for cause of separation." Doc. 1, Request for Relief.

---

[1] While Defendant assumes Plaintiff identifies as a man, Plaintiff failed to confirm the gender with which Plaintiff identifies in the Complaint.

### III.    STANDARD OF REVIEW - RULE 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Though Rule 8(a)(2) "does not require 'detailed factual allegations,'" the Kansas Supreme Court has determined "it demands more than a 'pleading that offers labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Lewick v. Sampler Stores, Inc.*, No. 21-1251-DDC-ADM, 2022 U.S. Dist. LEXIS 133709, at *3 (D. Kan. July 27, 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a Rule 12(b)(6) motion to dismiss, the court must assume that the factual allegations in the complaint are true, but it is "'***not bound to accept as true a legal conclusion couched as a factual allegation***.'" *Id*. (quoting *Iqbal*, 556 U.S. 662 at 678) (emphasis added).

To survive a Rule 12(b)(6) motion to dismiss, a pleading "'must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Iqbal at 678*). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. at *3-4 (quoting *Iqbal at 678*). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at *4* (quoting *Iqbal at 678*); *see also Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009) ("The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law")).

3

Because Plaintiff filed his Complaint *pro se*, Defendant understands the Court will likely construe the filings liberally and will hold the pleadings to "a less stringent standard than formal pleadings drafted by lawyers." *Clark v. Oklahoma*, 468 F.3d 711, 713 n.1 (10th Cir. 2006). However, the Court does not adopt the role of advocate for the *pro se* plaintiff. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Further, "a *pro se* litigant is not exempt from following the same rules of procedure as any other litigant." *King v. Keller*, 2006 U.S. Dist. LEXIS 35791, at *8 (D. Kan. 2006). "***The Court's relaxed scrutiny of the pro se plaintiff's pleadings 'does not relieve [Plaintiff] of the burden of alleging sufficient facts on which a recognized legal claim could be based*.'"** *Espinoza v. Rachel Norma C/O Panera Bread Co.*, 2024 U.S. Dist. LEXIS 54354, at *3 (D. Kan. 2024) (emphasis added). A *pro se* litigant still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Goodwin v. Dewar*, 2023 U.S. Dist. LEXIS 233780 (D. Kan. 2023).

Here, the underlying flaws in Plaintiff's Complaint, including failure to state sufficient facts to permit an inference of discrimination and moreover, Plaintiff's claim not being actionable, cannot be corrected even if Plaintiff is given leave to amend. Accordingly, dismissal with prejudice is proper. *See Turner v. Dunkin*, 2024 U.S. Dist. LEXIS 53778, at *15-16 (D. Kan. 2024) (dismissing with prejudice complaint drafted by *pro se* plaintiff where defects in pleading could not be cured).

## IV.    ARGUMENT AND AUTHORITIES

    **A.    Plaintiff's barebones Complaint lacks sufficient specificity to plausibly state a claim of gender discrimination. Accordingly, Plaintiff's gender discrimination claim should be dismissed with prejudice.**

To establish a prima facie case of gender discrimination, Plaintiff must present "'evidence that: (1) the victim belongs to a protected class; (2) the victim suffered an adverse employment action; and (3) the challenged action took place under circumstances giving rise to an inference of discrimination.'" *Little v. Gray Media Grp., Inc.*, No. 23-2394-DDC, 2025 U.S. Dist. LEXIS 126059, at *69 (D. Kan. July 2, 2025) (quoting *Ford v. Jackson Nat'l Life Ins. Co.*, 45 F.4th 1202, 1215 (10th Cir. 2022). "The ***critical prima facie inquiry in all cases is whether the plaintiff has demonstrated that the adverse employment action occurred 'under circumstances which give rise to an inference of unlawful discrimination*.'" *Id.* (quoting *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1227 (10th Cir. 2000)) (emphasis added). While proving a prima facie case is not required to survive a Rule 12(b)(6) motion, analyzing the allegations and elements of the claims Plaintiff asserts ***does impact*** "whether Plaintiff has set forth a plausible claim." *Peck v. Schlage Lock Co.*, LLC, No. 23-2474-KHV, 2024 U.S. Dist. LEXIS 32269, at *12 (D. Kan. Feb. 26, 2024) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012)) (emphasis added). Accordingly, this Court should consider whether Plaintiff sets forth sufficient facts, generally, to state a plausible claim. Moreover, the Court should be critical in its determination of whether Plaintiff pleaded facts that plausibly show Plaintiff's termination of employment took place under circumstances giving rise to an inference of discrimination.

In *Peck,* No. 23-2474-KHV, 2024 U.S. Dist. LEXIS 32269 (D. Kan. Feb. 26, 2024), a female plaintiff asserted a claim of sex discrimination. There, the plaintiff alleged, among other things, that "(1) she is female; (2) she suffered adverse employment actions, including

the termination of her employment; and (3) throughout the 20 years that defendants employed her, she performed her job duties as required and received positive reviews for her work." Despite also alleging the defendants treated her "less favorably than less-qualified male employees (who did not complain about or report discrimination)," the court determined that such allegations lack the "factual context from which the Court can reasonably infer that defendants discriminated against her based on sex." *Id*.

Here, Plaintiff makes almost identical allegations to the plaintiff in *Peck*. Like Peck, Plaintiff's Complaint lacks sufficient facts to state a claim of gender discrimination. Notwithstanding, such deficiencies are enough for this Court to dismiss Plaintiff's case with prejudice. First, and fatal to Plaintiff's gender discrimination claim, Plaintiff failed to confirm the gender with which Plaintiff identifies. *See* Doc. 1, ¶¶ 9-10.  Therefore, neither defendant nor the Court could possibly determine the basis for Defendant's alleged discriminatory acts (e.g. Plaintiff's termination being the result of discrimination because Plaintiff is a man or a woman). Even under relaxed scrutiny, Plaintiff's allegations are insufficient to determine whether Plaintiff falls within a protected class. Moreover, such facts are insufficient to show Defendant could plausibly be responsible for the alleged, unlawful conduct.

Second, Plaintiff failed to plead facts that plausibly show the alleged adverse employment action, Plaintiff's termination of employment, occurred under circumstances which give rise to an inference of unlawful discrimination based on gender. Specifically, Plaintiff failed to identify the following: (1) the identity and gender of the manager(s) who made statement(s) regarding Plaintiff's request for time off and/or the timing of having a

baby; (2) the identity, gender, and circumstances of the comparators who were allegedly treated more favorably than Plaintiff;[2] (3) the identity and gender of the individuals Plaintiff allegedly outperformed; and (4) the identity and gender of the person who terminated Plaintiff's employment. Like the plaintiff in *Peck* (though identifying her gender), Plaintiff's conclusory allegations, even taken as true, lack sufficient factual context and facial plausibility necessary for the Court to reasonably infer Defendant discriminated against Plaintiff based on gender.

For the above stated reasons, Plaintiff's gender discrimination claim fails as a matter of law and should be dismissed with prejudice.

**B.    Plaintiff's gender discrimination claim is based on requests for time off to care for a newborn or based on the status of a pregnant partner or spouse, neither of which is actionable under Title VII Accordingly, Plaintiff's gender discrimination claims should be dismissed with Prejudice.**

It appears that Plaintiff may be claiming gender discrimination based on Plaintiff's partner's or spouse's pregnancy and/or wanting to care for Plaintiff's newborn. While this district has not addressed whether a plaintiff can bring such claim based on these notions, other jurisdictions have.

For instance, in *Piantanida v. Wyman Ctr.*, 116 F.3d 340, 342 (8th Cir. 1997), the court held

> In examining the terms of the PDA, we conclude that ***an individual's choice to care for a child is not a "medical condition" related to childbirth or pregnancy***. Rather, it is a social role chosen by all new parents who make the decision to raise a child. While the class of new parents of course includes women who give birth to children, it also includes women who become

---

[2] For example, is Plaintiff referring to male or female employees with a pregnant partner or other pregnant employees in the same role and under the supervision of the same manager?

mothers through adoption rather than childbirth and men who become fathers through either adoption or biology. An employer's discrimination against an employee who has accepted this parental role--reprehensible as this discrimination might be--*is therefore not based on the gender-specific biological functions of pregnancy and child-bearing, but rather is based on a gender-neutral status potentially possessable [sic] by all employees, including men and women who will never be pregnant*.

*Piantanida v. Wyman Ctr.*, 116 F.3d 340, 342 (8th Cir. 1997); *see also Brady v. Wal-Mart Stores, Inc.*, No. 3:22-cv-05055-RK, 2024 U.S. Dist. LEXIS 123553, at *20 (W.D. Mo. June 5, 2024) (quoting *Piantanida*, at 342).

Another example can be found in *Zickefoose v. Austin*, No. 2:22-cv-1935, 2023 U.S. Dist. LEXIS 5647 (S.D. Ohio Jan. 11, 2023). In *Zickefoose*, the court analyzed whether the plaintiff's Title VII sex discrimination claim was subject to dismissal under Rule 12(b)(6). In this case the plaintiff only alleged that

that he is male, that Defendant improperly delayed approval for leave to care for his pregnant wife, that a supervisor stated that 'Plaintiff should live with his life choices including his wife being pregnant and that Plaintiff [had] not been a good steward of Plaintiff's leave,' that Plaintiff was inappropriately disciplined in relation to his leave requests, and that he was unnecessarily required to undergo additional training due to Plaintiff's being 'out of the office for an exten[ded] period due to the birth of your child, and missed a lot of work before the birth'

*Id*. at *16-17. The *Zickefoose* court held that even if the above-referenced actions constituted adverse employment actions for Title VII purposes, they cannot be considered direct or circumstantial evidence of a discriminatory motive. *Id*. Further, the court found the plaintiff's allegations reflect a misunderstanding of the relevant comparison class. As the plaintiff was a male, "the appropriate comparators would be female employees seeking approval for leave to care for a spouse, as Plaintiff was." *Id*. at *19-20. Because Plaintiff

failed to allege facts providing the necessary inference of discrimination, the court dismissed the plaintiff's claim of gender discrimination. *Id*. at *20.

As referenced above, Plaintiff failed to allege the gender with which Plaintiff identifies. But even if Plaintiff did make such allegation, Plaintiff failed to provide any evidence that gender played any role in the decision to terminate Plaintiff's employment. From the minimal allegations asserted, Plaintiff believes the termination of employment occurred because Plaintiff requested time off to care for Plaintiff's newborn. As stated in *Piantanida*, 116 F.3d at 342, the choice of caring for a child is "not based on the gender-specific biological functions of pregnancy and childbearing, "*but rather is based on a gender-neutral status potentially possessable by all employees, including men and women who will never be pregnant*." Therefore, even if Defendant's alleged actions were related to Plaintiff taking time off to care for a child, such acts could not be considered discriminatory *regardless* of Plaintiff's gender.

"Title VII makes it unlawful to discriminate against any individual with respect to terms, conditions or privileges of employment based on [that] employee's sex." *Heuertz v. Caregivers Home Health LLC*, No. 19-2756-KHV, 2022 U.S. Dist. LEXIS 37992, at *12 (D. Kan. Mar. 3, 2022) (citing 42 U.S.C. § 2000e—2(a)(1)). However, a plaintiff cannot bring a claim of gender discrimination based on the protected status of that plaintiff's spouse or partner. *See Ronen v. RedRoute, Inc.*, 763 F. Supp. 3d 319, 328 (E.D.N.Y. 2025) (The plaintiff did not plausibly allege his employer discriminated against him based on his own sex but rather the protected status of his pregnant spouse, which is not actionable.) *see also Maldonado v. U.S. Bank,* 186 F.3d 759, 762 (7th Cir. 1999) ("Congress amended Title

9

VII in 1978 to explicitly extend protection to pregnant women," not men). If Plaintiff identifies as a man, he cannot claim discrimination based on the protected status of his partner or spouse (a pregnant woman), which appears to be the case here. In addition, Plaintiff has failed to identify proper comparators as seen in *Zickefoose*. *Zickefoose*, at *18.

Even if Defendant discriminated against Plaintiff for wanting time off to care for his newborn baby or due to the protected status of a spouse/partner, such claims are not actionable under Title VII. Consequently, even if Plaintiff were allowed to amend his Complaint, Plaintiff could not state claim upon which relief can be granted. Accordingly, Plaintiff's Complaint should be dismissed with prejudice.

## V.    CONCLUSION

Because Plaintiff's Complaint lacks the factual context to plausibly state a claim upon which relief may be granted, Defendant is entitled to dismissal of Plaintiff's Complaint with prejudice. Accordingly, Defendant requests the Court order the same and award costs and fees incurred defending against these claims, and for all such further relief the Court deems just and proper.

Dated: July 29, 2025                    **JACKSON LEWIS, P.C.**

*/s/ Justin M. Dean*
Justin M. Dean, KS #19636
Joshua J. Cervantes. #78917
7101 College Blvd., Ste. 1200
Overland Park, KS 66210
Telephone: (913) 918-1018
Facsimile: (913) 918-1019
Justin.Dean@jacksonlewis.com
Joshua.Cervantes@jacksonlewis.com
**ATTORNEYS FOR DEFENDANT**
**ARS PHARMACEUTICALS, INC.**

10

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 29th day of July, 2025, a true and accurate copy of the foregoing was filed electronically via the Court's CM/ECF electronic filing system, which will send a notice of electronic filing to all counsel of record. Additionally, a true and accurate copy of the foregoing was sent via U.S. Mail, via U.S. mail, certified mail return, receipt requested, and via e-mail to Plaintiff Justin Ghani at the following address and e-mail addresses of record:

Justin Ghani
13861 Pembroke Dr.
Leawood, KS 66224
Jrggw7@yahoo.com


*/s/ Justin M. Dean*
**AN ATTORNEY FOR DEFENDANT**

4927-8751-7271, v. 1

11