IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **Justin Ghani,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 2:25-CV-02282 |
| ) | |
| **ARS Pharmaceuticals, Inc.,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLANT FOR FAILURE TO STATE A CLAIM**

**I.   INTRODUCTION**

*Pro se* Plaintiff Justin Ghani ("Plaintiff") filed the instant action against Defendant ARS Pharmaceuticals, Inc. ("Defendant"). In his Amended Complaint, Plaintiff alleges gender discrimination and pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). Plaintiff's unsupported, conclusory allegations utterly fail to meet the pleading standards set forth by Fed. R. Civ. P. 12(b)(6) and/or are not actionable under Title VII.

**II.   FACTUAL BACKGROUND**

Plaintiff's Amended Complaint was filed on August 22, 2025. The allegations relevant to Defendant's Motion:

- This is an employment discrimination lawsuit based on violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, specifically sex discrimination and violation of the Pregnancy Discrimination Act. Doc 13, ¶ 1.

- The discriminatory conduct occurred at the following location: 13867 Pembroke Dr, Leawood, KS 66224. Doc 13, ¶ 2.

- The discrimination took place between September 15, 2024, and March 20, 2025. Doc. 13, ¶ 3.

- Plaintiff exhausted the administrative remedies necessary to file suit. Doc. 13, ¶¶ 4-6.

- The conduct of which Plaintiff complains is that his employment was terminated, he was treated differently than similarly situated employees, and some other unspecified reason. Doc 13, ¶ 8

- Plaintiff believes that he was discriminated against based on his gender (male) and in violation of Title VII - Pregnancy Discrimination Act. Doc 13, ¶ 9.

- Plaintiff's "direct manager mentioned he was unhappy on several occasions that [Plaintiff] was going to take some time off when [Plaintiff's] new baby gets here." Doc. 13, ¶ 10.

- Plaintiff was "treated differently than other employees in [the] same role." *Id*.

- Plaintiff heard from "others on the team that the manager mentioned this is not an ideal time to have a new kid." *Id*.

- "Multiple times the manager reiterated this job needs constant attention and it will be difficult to focus with a new child. These comments show the manager had a focus on stereotypes about caregiving roles. Doc. 13, p. 6.

- On March 20, 2025, Plaintiff "was pulled onto a call with the [*sic*] direct manager and an HR representative" and "was notified of his termination immediately because of unacceptable performance." Doc. 13, ¶ 10.

- Plaintiff's "performance was in the 50th percentile of the company" but the other 47 "sales representatives [ranked] below plaintiff in the nation" "were not let go for unacceptable performance." *Id*.

- The acts allegedly committed by Defendant may still be occurring. Doc. 13, ¶¶ 10-11.

- Plaintiff no longer works for Defendant. Doc. 13, ¶ 12.

- Plaintiff seeks monetary damages, including "emotional [sic], car allowance, stock, benefits," and "[c]osts and fees involved in litigating this case" as well as "a new separation agreement with different terminology used for cause of separation." Doc. 13, Request for Relief.

### III.  STANDARD OF REVIEW - RULE 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Though Rule 8(a)(2) "does not require 'detailed factual allegations,'" "it demands more than a 'pleading that offers labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Lewick v. Sampler Stores, Inc.*, No. 21-1251-DDC-ADM, 2022 U.S. Dist. LEXIS 133709, at *3 (D. Kan. July 27, 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a Rule 12(b)(6) motion to dismiss, the court must assume that the factual allegations in the complaint are true, but it is "'***not bound to accept as true a legal conclusion couched as a factual allegation***.'" *Id*. (quoting *Iqbal*, 556 U.S. 662 at 678) (emphasis added).

To survive a Rule 12(b)(6) motion to dismiss, a pleading "'must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Iqbal at 678*). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. at *3-4 (quoting *Iqbal at 678*). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at *4* (quoting *Iqbal at 678*); *see also Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009) ("The question is

whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law")).

Because Plaintiff filed his Amended Complaint *pro se*, Defendant understands the Court will likely construe the filings liberally and will hold the pleadings to "a less stringent standard than formal pleadings drafted by lawyers." *Clark v. Oklahoma*, 468 F.3d 711, 713 n.1 (10th Cir. 2006). However, the Court does not adopt the role of advocate for the *pro se* plaintiff. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Further, "a *pro se* litigant is not exempt from following the same rules of procedure as any other litigant." *King v. Keller*, 2006 U.S. Dist. LEXIS 35791, at *8 (D. Kan. 2006). "***The Court's relaxed scrutiny of the pro se plaintiff's pleadings 'does not relieve [Plaintiff] of the burden of alleging sufficient facts on which a recognized legal claim could be based***.'" *Espinoza v. Rachel Norma C/O Panera Bread Co.*, 2024 U.S. Dist. LEXIS 54354, at *3 (D. Kan. 2024) (emphasis added). As such, Plaintiff still bears the burden of alleging sufficient facts on to state a claim upon which relief can be granted.

Here, the underlying flaws in Plaintiff's Amended Complaint, including failure to state sufficient facts to permit an inference of discrimination as well as Plaintiff's claim not being actionable, remain uncorrected and/or cannot be. Accordingly, dismissal with prejudice is proper. *See Turner v. Dunkin*, 2024 U.S. Dist. LEXIS 53778, at *15-16 (D. Kan. 2024) (dismissing with prejudice complaint drafted by *pro se* plaintiff where defects in pleading could not be cured).

## IV. ARGUMENT AND AUTHORITIES

### A. Plaintiff's Amended Complaint lacks sufficient specificity to plausibly state a claim of gender discrimination. Accordingly, Plaintiff's gender discrimination claim should be dismissed with prejudice.

To establish a prima facie case of gender discrimination, Plaintiff must present evidence that (1) he belongs to a protected class; (2) he suffered an adverse employment action; and (3) the challenged action took place under circumstances giving rise to an inference of discrimination.'" *Little v. Gray Media Grp., Inc.*, No. 23-2394-DDC, 2025 U.S. Dist. LEXIS 126059, at \*69 (D. Kan. July 2, 2025) (quoting *Ford v. Jackson Nat'l Life Ins. Co.*, 45 F.4th 1202, 1215 (10th Cir. 2022). "The ***critical prima facie inquiry in all cases is whether the plaintiff has demonstrated that the adverse employment action occurred 'under circumstances which give rise to an inference of unlawful discrimination***.'" *Id*. (quoting *Kendrick v. Penske Transp. Servs., Inc*., 220 F.3d 1220, 1227 (10th Cir. 2000)) (emphasis added). While proving a prima facie case is not required to survive a Rule 12(b)(6) motion, analyzing the allegations and elements of the claims necessary to establish a prima facie case ***does impact*** "whether Plaintiff has set forth a plausible claim." *Peck v. Schlage Lock Co*., LLC, No. 23-2474-KHV, 2024 U.S. Dist. LEXIS 32269, at \*12 (D. Kan. Feb. 26, 2024) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012)). Accordingly, the Court should be critical in its determination of whether Plaintiff's pleaded facts that plausibly show his termination of employment took place under circumstances giving rise to an inference of discrimination.

In *Peck,* No. 23-2474-KHV, 2024 U.S. Dist. LEXIS 32269 (D. Kan. Feb. 26, 2024), a female plaintiff asserted a claim of sex discrimination in violation of Title VII. There, the

plaintiff alleged, among other things, that (1) she is female; (2) she suffered adverse employment actions, including the termination of her employment; (3) throughout the 20 years that defendants employed her, she performed her job duties as required and received positive reviews for her work; and (4) that defendants treated her "less favorably than less-qualified male employees. *Peck* at \*12-13. Notwithstanding, the court determined that such basic allegations lack the "factual context from which the Court [could] reasonably infer that defendants discriminated against her based on sex." *Id.* at \*13; *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1194 (10th Cir. 2012) (affirming dismissal of complaint that contained entirely conclusory allegations of discrimination without specific facts.).

Like the Plaintiff in *Peck*, Plaintiff makes conclusory allegations. Plaintiff asserts that he is male, that he was terminated for wanting to care for his newborn child, and that he outperformed other sales representatives who he believes were not terminated for unacceptable performance. However, such conclusory allegations are insufficient to show that Defendant could plausibly be responsible for the alleged, discriminatory conduct or that Plaintiff's termination of employment, occurred under circumstances which give rise to an inference of unlawful discrimination.

Despite amending his Complaint, Plaintiff has still failed to identify (1) who his manager(s) were; (2) the gender of the manager(s) who made statement(s) regarding Plaintiff's request for time off and/or the timing of having a baby; (3) the identity, gender, and circumstances of the comparators who were allegedly treated more favorably than

Plaintiff;[1] and (4) the identity and gender of the person who terminated Plaintiff's employment. Like the plaintiff in *Peck*, Plaintiff's conclusory allegations, even taken as true, lack sufficient factual context and facial plausibility necessary for the Court to reasonably infer Defendant discriminated against Plaintiff based on gender. And while Plaintiff does allege comments were made by his manager(s), such statements are gender neutral as described below in Section B.

For the above stated reasons, Plaintiff's gender discrimination claim, as amended, fails as a matter of law and should be dismissed with prejudice.

### B. Plaintiff claim of gender discrimination based his status as man choosing to care for his newborn child fails as a matter of law because such claim is not actionable under Title VII.

While this Court has not addressed whether a plaintiff can bring a claim based on his status as a man providing care for a newborn child, other jurisdictions have addressed whether claims of discrimination based on childrearing/caregiving are actionable. For instance, in *Piantanida v. Wyman Ctr.*, 116 F.3d 340, 342 (8th Cir. 1997), the court held that caring for a child does not turn on gender.

> In examining the terms of the PDA, we conclude that an individual's choice to care for a child is not a "medical condition" related to childbirth or pregnancy. ***Rather, it is a social role chosen by all new parents who make the decision to raise a child***. While the class of new parents of course includes women who give birth to children, it also includes women who become mothers through adoption rather than childbirth and men who become fathers through either adoption or biology. An employer's

---

[1] For example, is Plaintiff referring to male or female employees with a pregnant partner/spouse or other pregnant, female employee who is pregnant and not terminated for taking time off, or are his comparators in the same role and/or under the supervision of the same manager? See *Zickefoose v. Austin*, No. 2:22-cv-1935, 2023 U.S. Dist. LEXIS 5647 *19-20 (S.D. Ohio Jan. 11, 2023) (The appropriate comparator for the male whose request for leave "would be female employees seeking approval for leave to care for a [pregnant] spouse.").

7

> discrimination against an employee who has accepted this parental role--
> ***reprehensible as this discrimination might be--is therefore not based on the
> gender-specific biological functions of pregnancy and child-bearing, but
> rather is based on a gender-neutral status potentially possessable [sic] by
> all employees, including men and women who will never be pregnant***.

*Piantanida v. Wyman Ctr.*, 116 F.3d 340, 342 (8th Cir. 1997) (emphasis added); *see also Brady v. Wal-Mart Stores, Inc.*, No. 3:22-cv-05055-RK, 2024 U.S. Dist. LEXIS 123553, at *20 (W.D. Mo. June 5, 2024).

Another example can be found in *Zickefoose v. Austin*, No. 2:22-cv-1935, 2023 U.S. Dist. LEXIS 5647 (S.D. Ohio Jan. 11, 2023). In *Zickefoose*, the court analyzed whether the plaintiff's Title VII sex discrimination and retaliation claims were subject to dismissal under Rule 12(b)(6). In this case the plaintiff alleged

> that he is male, that Defendant improperly delayed approval for leave to care for his pregnant wife, that a supervisor stated that Plaintiff should live with his life choices including his wife being pregnant and that Plaintiff [had] not been a good steward of Plaintiff's leave, that Plaintiff was inappropriately disciplined in relation to his leave requests, and that he was unnecessarily required to undergo additional training due to Plaintiff's being out of the office for an exten[ded] period due to the birth of your child, and missed a lot of work before the birth

*Id*. at *16-17.

The *Zickefoose* court held that even if the above-referenced comments and actions constituted adverse employment actions for Title VII purposes, they cannot be considered direct or circumstantial evidence of a discriminatory motive. *Id*. Further, the court held the comments made by the plaintiff's employer did not relate to the plaintiff's sex, sex stereotypes or the masculine norm. *Id*. at *17.[2]; *see also Wensel v. State Farm Mut. Auto.*

---

[2] S*ee also Wensel v. State Farm Mut. Auto. Ins. Co.*, 218 F. Supp. 2d 1047, 1060 (N.D. Iowa 2002) (Holding the employer's statements that the plaintiff should wait at least five years before starting a family; and that

8

*Ins. Co.*, 218 F. Supp. 2d 1047, 1060 (N.D. Iowa 2002) (Holding the employer's statements that the plaintiff should wait at least five years before starting a family and that pregnancy and child-rearing harm an agent's ability to meet his or her productivity goals were gender neutral. The court went on to say that this type of discriminatory attitude evinced by the plaintiff's manager regarding child-rearing/productivity, "while callous and perhaps blind to reality, do not--standing alone--directly manifest a discriminatory attitude that is prohibited by Title VII"). Consequently, because the statements of the plaintiff's manager were considered gender neutral, the plaintiff failed to allege facts providing the necessary inference of discrimination, the court dismissed the plaintiff's claim of gender discrimination. *Id.* at *20.

Here, Plaintiff has clearly alleged that his claims are based on his choice to care for his newborn. *See* Doc. 13, p. 6. Even if Plaintiff's manager said that she/he was unhappy that "Plaintiff was going to take some time off when [his] new baby is born[,]" "that it is not an ideal time to be having a new kid[,]" and/or that that his "job needs constant attention and that it will be difficult to focus with a new child[,]" such comments are gender neutral and could relate to both men and women. As such, the alleged comments cannot be causally connected to Plaintiff's termination of employment or shown to be based on Plaintiff's sex, sex stereotyping, or the masculine norm. Accordingly, even if Defendant discriminated against Plaintiff based on accepting his parental role, which Defendant did not do, such

---

pregnancy and child-rearing harm an agent's ability to meet his or her productivity goals were gender neutral. The court went on to say that this type of discriminatory attitude evinced by the plaintiff's manager regarding child-rearing/productivity, while callous and perhaps blind to reality, do not--standing alone-- directly manifest a discriminatory attitude that is prohibited by Title VII).

9

action would be "based on a gender-neutral status potentially possessable by all employees, including men and women[.]" Consequently, the facts pled are insufficient to set forth a plausible claim of relief and/or his gender discrimination claim is not actionable under Title VII. Defendant is therefore entitled to dismissal of Plaintiff's gender discrimination claim with prejudice.

    **C.    Plaintiff's Pregnancy Discrimination Act claim fails as a matter of law because he was not a pregnant woman at the time of his termination of employment.**

Pursuant to the Pregnancy Discrimination Act, it is unlawful to discriminate against a woman with respect to her employment based on pregnancy. *Boyce v. Dickinson County*, CIVIL ACTION Case NO. 91-2284-S, at *6-7 (D. Kan. Aug. 20, 1992); see also 42 U.S.C. § 2000e(k). As such, "[e]mployers must treat pregnant individuals 'the same for all employment-related purposes . . . as other persons not so affected but similar in their ability or inability to work.'" *EEOC v. Tricore Reference Labs.*, 849 F.3d 929, 933 (10th Cir. 2017) (citations omitted). To establish a prima facie case of pregnancy discrimination, Plaintiff must show that "(1) she belonged to the protected class, e.g., she was pregnant during the relevant time period; (2) she remained qualified for her position or applied for another position for which she was qualified; (3) she received unfavorable treatment; and (4) she was treated less favorably than others who were not pregnant but were similar in their ability or inability to work." *Wiseman v. Wal-Mart Stores*, No. 08-1244-EFM,, at *6 (D. Kan. July 22, 2009).

As Plaintiff was not a pregnant woman at the time of his termination, he cannot seek redress under the Pregnancy Discrimination Act. Moreover, Plaintiff cannot bring a claim

of discrimination based on the protected status of that plaintiff's spouse or partner. *See Ronen v. RedRoute, Inc.*, 763 F. Supp. 3d 319, 328 (E.D.N.Y. 2025) (The plaintiff did not plausibly allege his employer discriminated against him based on his own sex but rather the protected status of his pregnant spouse, which is not actionable.) *see also Maldonado v. U.S. Bank,* 186 F.3d 759, 762 (7th Cir. 1999) ("Congress amended Title VII in 1978 to explicitly extend protection to pregnant women," not men).

For these reasons and those stated in Section B *supra*, Plaintiff's claim that Defendant discriminated against him in violation of the Pregnancy Discrimination Act fails as a matter of law.

## V.   CONCLUSION

Because Plaintiff's Amended Complaint lacks the factual context to plausibly state a claim upon which relief may be granted and/or seeks redress for claims not actionable under Title VII, Defendant is entitled to dismissal of Plaintiff's Amended Complaint in its entirety with prejudice. Accordingly, Defendant requests the Court order the same and award costs and fees incurred defending against these claims, and for all such further relief the Court deems just and proper.

Dated: August 29, 2025                          **JACKSON LEWIS, P.C.**

*/s/ Joshua J. Cervantes*
Joshua J. Cervantes  #78917
7101 College Blvd., Ste. 1200
Overland Park, KS 66210
Telephone: (913) 918-1018
Facsimile: (913) 918-1019
Joshua.Cervantes@jacksonlewis.com
**ATTORNEYS FOR DEFENDANT
ARS PHARMACEUTICALS, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of August, 2025, a true and accurate copy of the foregoing was filed electronically via the Court's CM/ECF electronic filing system, which will send a notice of electronic filing to all counsel of record. Additionally, a true and accurate copy of the foregoing was sent via U.S. Mail, via U.S. mail, certified mail return, receipt requested, and via e-mail to Plaintiff Justin Ghani at the following address and e-mail addresses of record:

>Justin Ghani
>13861 Pembroke Dr.
>Leawood, KS 66224
>Jrggw7@yahoo.com

>*/s/ Joshua J. Cervantes*
>**AN ATTORNEY FOR DEFENDANT**

4921-5743-3954, v. 1