UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN GHANI,

      Plaintiff,

      v.

ARS PHARMACEUTICALS,

      Defendant.

Case No. 25-cv-2282-JAR-TJJ

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND

This matter is before the Court on Plaintiff's Motion for Leave to Amend (ECF No. 40). Plaintiff requests leave to amend his Second Amended Complaint (ECF No. 33) to add three new paragraphs of factual allegations (ECF No. 40-1 at 7). This is Plaintiff's fifth motion requesting leave to amend his complaint.[1] Defendant filed a response opposing the motion (ECF No. 43) and Plaintiff has filed a reply (ECF No. 44). As explained below, Plaintiff's motion is denied as untimely.

## I.      Background

Plaintiff, proceeding *pro se*, filed his Employment Discrimination Complaint on May 23, 2025. Defendant filed a motion to dismiss on July 25, 2025. Shortly thereafter on August 7, 2025, Plaintiff filed a motion to amend his complaint (ECF No. 10). The Court granted Plaintiff's motion and his Amended Complaint (ECF No. 13) was filed on August 22, 2025. Defendant filed another motion to dismiss (ECF No. 15) on August 29, 2025. Plaintiff filed a second motion to amend his complaint (ECF No. 17) on September 9, 2025.

---

[1] *See* Plaintiff's prior motions to amend his complaint (ECF Nos. 10, 17, 22, and 27).

At the September 29, 2025 telephone scheduling conference, Plaintiff advised the Court that he filed his motion seeking leave to amend his complaint in lieu of filing a response opposing Defendant's motion to dismiss. The Court informed Plaintiff that his motion would not be considered by the Court as a response in opposition to Defendant's Motion to Dismiss and instead he would need to promptly file a motion that requests leave to file out of time his *response* to the motion to dismiss.[2] The Court also denied Plaintiff's motion for leave to amend his complaint based upon its finding his proposed amendment of his complaint would be futile.[3] The Court also entered a Scheduling Order (ECF No. 25) that set a November 21, 2025 deadline for the filing of any motion to amend the pleadings.

Immediately after the September 29 scheduling conference, Plaintiff filed his third motion to amend pleadings (ECF No. 22). The Court noted this motion appeared identical to Plaintiff's earlier-filed motion for leave to amend his complaint that the Court denied as futile at the scheduling conference. The Court denied Plaintiff's third motion based on the same futility grounds it denied his earlier motion.[4]

On October 1, 2025, Plaintiff filed a fourth motion for leave to amend his complaint (ECF No. 27). Defendant did not file any opposition to the motion. On October 28, 2025, the Court granted Plaintiff leave to amend his complaint a second time and directed the Clerk to file his proposed Second Amended Complaint (ECF No. 33),[5] which was filed the same day.

---

[2] *See* Text Order (ECF No. 24).

[3] *Id.*

[4] *See* Text Order (ECF No. 26).

[5] *See* Text Order (ECF No. 32).

Defendant filed a motion to dismiss (ECF No. 35) Plaintiff's Second Amended Complaint on November 11, 2025. On December 1, 2025, Plaintiff filed his fifth Motion for Leave to Amend (ECF No. 40), which is currently pending before the Court.

## II.        Plaintiff's Motion for Leave to Amend is Untimely

When the deadline for amending the pleadings set in the scheduling order has passed before the motion to amend is filed—as is the case here—Fed. R. Civ. P. 16(b)(4) applies. It provides that a scheduling order "may be modified only for good cause and with the judge's consent." The court applies a two-step analysis based on both Rule 16(b) and Rule 15(a) when faced with a request to amend a complaint filed after the scheduling order deadline.[6] In other words, the court will first determine whether the moving party has established "good cause" within the meaning of Rule 16(b)(4) to justify allowing the untimely motion.[7] Only after determining good cause has been established will the court proceed to determine if the movant has satisfied the more lenient Rule 15(a) standard.[8]

To establish good cause under Rule 16(b)(4), the moving party must show the deadline could not have been met even if it had acted with due diligence.[9] The lack of prejudice to the nonmovant does not show good cause.[10] A district court's determination as to whether a party has

---

[6] *Estate of Ferrell by & Through Ferrell v. KB Custom Ag Servs. LLC*, No. 23-CV-2384-TC-TJJ, 2024 WL 3890144, at *1 (D. Kan. Aug. 20, 2024) (citations omitted).

[7] *Id.* (citing *Gorsuch Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240–41 (10th Cir. 2014)).

[8] *Id.* (citations omitted).

[9] *Id.*

[10] *Id.*

established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion.[11]

The Court has already granted two of Plaintiff's prior motions for leave to amend his complaint.[12] Plaintiff now seeks leave to amend his complaint a third time but his motion is untimely filed after the November 21, 2025 deadline set by the Scheduling Order. Plaintiff has not shown good cause as required by Rule 16(b)(4) for his untimely motion. He has failed to show the amendment deadline "could not have been met even if [he] had acted with due diligence." Plaintiff states in his reply that "[f]amily responsibilities, illness and previously scheduled commitments" are a few of the reasons for the delay in filing his motion. These generic reasons fail to explain why his fifth motion—seeking to amend to add facts Plaintiff knew at the time his employment was terminated—could not have been filed by the November 21 amendment deadline, why he did not file a motion for an extension of the deadline, or why the proposed amendment was not included in any of his four earlier-filed motions seeking leave to amend his complaint.[13] The Tenth Circuit Court of Appeals has held that "untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay."[14] Furthermore, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint,

---

[11] *Id.*

[12] *See* Text Orders (ECF Nos. 12 and 32).

[13] Plaintiff states in his reply that "[f]amily responsibilities, illness and previously scheduled commitments" are a few of the reasons for the delay in filing his motion. None of these

[14] *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993) (internal citations omitted).

4

the motion to amend is subject to denial."[15] Plaintiff did not provide an adequate reason for his delay for his latest amendment after being granted two prior amendments of his complaint. Plaintiff knew or should have known the facts he alleges in his proposed amendment but failed to timely include them. Accordingly, untimeliness is a sufficient reason here to deny Plaintiff's fifth motion for leave to amend his complaint.

The Court is also mindful of Plaintiff's status as a *pro se* litigant.[16]  Plaintiff's *pro se* status, however, does not provide him unlimited attempts to amend his complaint following the filing of a motion to dismiss. Even under the liberal standard for amending the pleadings, Plaintiff is not allowed to keep filing motions to amend his complaint. This merely causes needless delay and expense by requiring Defendant to refile response briefs to Plaintiff's motions, as well as refile new motions to dismiss in response to each amended complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend (ECF No. 40) is denied.

**IT IS SO ORDERED.**

Dated January 30, 2026, at Kansas City, Kansas.

_Teresa J. James_
Teresa J. James
U. S. Magistrate Judge

---

[15] *Id.*

[16] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").