UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN GHANI,

    Plaintiff,

v.

ARS PHARMACEUTICALS,

    Defendant.

Case No. 25-cv-2282-JAR-TJJ

### ORDER DENYING PLANTIFF'S MOTION FOR INCORPORATION BY REFERENCE

This matter is before the Court on Plaintiff's Motion for Incorporation by Reference (ECF No. 47). Plaintiff requests the Court consider the additional details that were not added to his Second Amended Complaint. These additional details are the same three factual paragraphs he was recently denied leave to amend as untimely. Plaintiff's motion is therefore construed as a motion for reconsideration of the Court's January 30, 2026 Order Denying Plaintiff's Motion for Leave to Amend (ECF No. 46) and denied.[1]

District of Kansas Local Rule 7.3 addresses motions to reconsider a court order. It provides that a "motion to reconsider must be based on: (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[2] It is well settled that a motion to reconsider is not a second opportunity for a party to ask the court to consider new arguments and supporting facts that could have been presented

---

[1] D. Kan. Rule 6.1(d)(3) provides the Court "may deny a motion to reconsider pursuant to D. Kan. Rule 7.3 without awaiting a response."

[2] D. Kan. Rule 7.3.

originally.[3] Nor is a motion to reconsider "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[4] "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[5] Improper use of motions to reconsider can waste judicial resources and obstruct the efficient administration of justice.[6] Reconsideration may, however, be appropriate "where the court has misapprehended the facts, a party's position, or the controlling law."[7]

After reviewing Plaintiff's motion, the Court concludes Plaintiff has not argued or shown any of the bases for granting reconsideration are present. Plaintiff does not argue or show that there has been an intervening change in the controlling law. Nor does Plaintiff argue or present any new evidence that was unavailable at the time he filed his original motion. Finally, he does not argue reconsideration is warranted to correct clear error or prevent manifest injustice. Even had Plaintiff argued this last basis for reconsideration, it does not change the fact that Plaintiff's motion was untimely filed and he had multiple prior opportunities to add these allegations in his two amended complaints or any of his four prior motions to amend.

---

[3] *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[4] *Ward v. Wesley Med. Ctr., LLC*, No. 23-1091-HLT-BGS, 2024 WL 989880, at *2 (D. Kan. Mar. 7, 2024) (quoting *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994), *aff'd*, 43 F.3d 1484 (10th Cir. 1994)).

[5] *Id.* (citations omitted).

[6] *RTC v. Williams*, 165 F.R.D. 639, 642 (D. Kan. 1996) (quoting *United States ex rel. Houck v. Folding Carton Admin. Comm.*, 121 F.R.D. 69, 71 (N.D. Ill. 1988)).

[7] *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Incorporation by Reference (ECF No. 47) is construed as a motion for reconsideration and denied.

**IT IS SO ORDERED**.

Dated February 5, 2026, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge