UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN GHANI,

        Plaintiff,

v.

        Case No. 25-cv-2282-JAR-JBW

ARS PHARMACEUTICALS,

        Defendant.

## MEMORANDUM AND ORDER

Plaintiff has filed a Motion to Amend Complaint and File Third Amended Complaint (Dkt. 59). Plaintiff requests leave to file his proposed Third Amended Complaint to refine and clarify his existing claims by asserting two claims under Title VII of the Civil Rights Act of 1964—for sex discrimination based on gender stereotypes and sex discrimination based on disparate treatment—and dropping his claim under the Pregnancy Discrimination Act. Plaintiff previously filed five motions to amend his complaint while proceeding *pro se*. This sixth motion was filed after counsel entered an appearance for Plaintiff. Defendant vehemently objects to the motion, arguing the Court denied Plaintiff's prior motion to amend as untimely, Plaintiff fails to show good cause for his present motion, and allowing Plaintiff to amend again will prejudice it. For the reasons discussed below, Plaintiff's motion is granted.

## I.      Background

Plaintiff filed his original complaint on May 23, 2025. Defendant filed a motion to dismiss (Dkt. 7) on July 25, 2025, which identified several pleading deficiencies. In response, Plaintiff filed a motion to amend his complaint (Dkt. 10) on August 7, 2025. After Defendant did not file a response, the Court granted Plaintiff's motion by text order on August 22, 2025 (Dkt. 12).

Defendant filed another motion to dismiss (Dkt. 15) on August 29, 2025. Plaintiff filed his second motion to amend his complaint (Dkt. 17) on September 9, 2025.

At the September 29, 2025 scheduling conference, the Court denied Plaintiff's second motion to amend his complaint, finding the proposed amendment would be futile (Dkt. 24). The Court entered a Scheduling Order (Dkt. 25) that set a November 21, 2025 deadline for the filing of any motion to amend the pleadings.

Immediately after the September 29 scheduling conference, Plaintiff filed his third motion to amend pleadings (Dkt. 22). The Court noted this motion appeared identical to Plaintiff's earlier-filed motion the Court denied as futile at the scheduling conference. The Court denied Plaintiff's third motion based on the same futility grounds it denied his earlier motion.

On October 1, 2025, Plaintiff filed a fourth motion for leave to amend his complaint (Dkt. 27). Defendant did not file any opposition to the motion. On October 28, 2025, the Court granted Plaintiff leave to amend his complaint a second time and directed the Clerk to file his proposed Second Amended Complaint, which was filed the same day (Dkt. 32).

Defendant filed a motion to dismiss (Dkt. 35) Plaintiff's Second Amended Complaint on November 11, 2025. In response, Plaintiff filed another motion to amend his complaint (Dkt. 40) on December 1, 2025.

On January 30, 2026, the Court denied Plaintiff's fifth motion to amend his complaint as untimely, finding Plaintiff had not shown good cause as required by Rule 16(b)(4) for his motion filed after the scheduling order deadline. Specifically, the Court found "Plaintiff did not provide an adequate reason for his delay for his latest amendment after being granted two prior amendments of his complaint. Plaintiff knew or should have known the facts he alleges in his proposed amendment but failed to timely include them."

2

On March 20, 2026, counsel entered an appearance on behalf of Plaintiff (Dk. 53). The Court held a status conference on April 14, 2026 and entered an Amended Scheduling Order (Dkt. 57) that extended some of the scheduling order deadlines, including the expired discovery deadline. The Court also specifically set an April 24, 2026 deadline for Plaintiff to file any motion for leave to amend his complaint.  Plaintiff filed his motion on April 24, 2026.

## II.      Legal Standards for Amendment of Pleadings

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that a party may amend a pleading "once as a matter of course" before trial if it does so within certain deadlines.[1] Other amendments are allowed "only with the opposing party's written consent or the court's leave."[2]  Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[3] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[4]  The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[5]

---

[1] *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.").

[2] Fed. R. Civ. P. 15(a)(2).

[3] *Id*.; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[4] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[5] *Id*. (quoting *Foman*, 371 U.S. at 182).

3

**III.    Whether Plaintiff Should Be Granted Leave to Amend His Complaint**

Defendant opposes Plaintiff's motion to amend his complaint, arguing that allowing the amendment will prejudice Defendant by wasting time and expense to defend against meritless claims. It points out the Court has already denied Plaintiff's previous motions to amend his complaint and, even now being represented by counsel, Plaintiff still has not shown any cause, let alone good cause, why the proposed amendments could not have been included in any of his prior amended complaints. Defendant argues that Plaintiff should not be permitted another opportunity to amend his complaint without any explanation as to why he is entitled to such luxury.

Plaintiff asserts that he has shown good cause to amend his complaint by his recent retention of counsel and his proposed amendment—which narrows, clarifies and refines his existing Title VII claim and drops the Pregnancy Discrimination Act claim. He argues Rule 15(a) requires the Court to "free give leave when justice so requires," and he should be permitted to amend his complaint notwithstanding the Court's denial of his previous motions filed while proceeding *pro se*. He also argues that allowing his proposed amendment will focus and streamline his claims, make motion practice clearer, and potentially shorten this litigation. He also points out this case has not progressed quickly as one might expect and no depositions have been taken.

The Court finds, under the circumstances here and the liberal policy favoring amendment when "justice so requires," Plaintiff should be granted another opportunity to amend his complaint. Plaintiff's retention of counsel in the case and the nature of the proposed amendment, which refines and clarifies the existing Title VII claim and drops the Pregnancy Discrimination claim, are both good cause for allowing amendment. Here, justice is served by allowing Plaintiff's proposed Third Amended Complaint, which was drafted with the assistance of counsel. The Court's prior denial of Plaintiff's motions to amend while he was proceeding *pro se* should not foreclose the current

requested amendment. Defendant has not argued that the present amendment would be futile. Although the case is now nearly a year old, little discovery has occurred to date and no depositions have been taken. The proposed amendment does not add claims, and actually drops one claim, so allowing it should not require significant additional discovery and should streamline further motion practice. Defendant has not shown that it would be unduly prejudiced by allowing the amendment even though it will require the filing of an answer or another motion to dismiss to the Third Amended Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint and File Third Amended Complaint (Dkt. 59) is **GRANTED**. Plaintiff shall file his proposed Third Amended Complaint, attached as Exhibit 1 (Dkt. 59-1) to his motion, by **May 26, 2026**.

IT IS SO ORDERED.

Dated May 19, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge