**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JUSTIN GHANI,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ARS PHARMACEUTICALS, INC.,**<br><br>**Defendant.** | **Case No. 25-CV-2282-JAR-JBW** |

**MEMORANDUM AND ORDER**

Originally proceeding *pro se*, Plaintiff Justin Ghani filed this lawsuit against Defendant ARS Pharmaceuticals, Inc., alleging violations of Title VII of the Civil Rights Act of 1964.[1] Before this Court is Defendant's Objection to the Magistrate's Memorandum and Order Granting Plaintiff's Motion for Leave to File a Third Amended Complaint (Doc. 65). The objection is fully briefed, and the Court is prepared to rule. As described below, the Court denies Defendant's objection.

## I. Background

Magistrate Judge Weiland's Memorandum and Order describes in detail the procedural history of this case.[2] In brief, Plaintiff proceeded *pro se* from the date he filed his Complaint,[3] March 23, 2025, until counsel entered their appearances on March 20, 2026.[4] When he was *pro*

[1] 42 U.S.C. § 2000e.

[2] Doc. 62.

[3] Doc. 1.

[4] Doc. 53.

*se*, Plaintiff filed several motions for leave to amend.[5] Defendant opposed two of those motions[6] and filed multiple motions to dismiss.[7] The Court granted each of Plaintiff's unopposed motions to amend[8] but denied each of the motions to amend that Defendant opposed.[9]

After Plaintiff obtained counsel, Judge Weiland held a status conference and entered an Amended Scheduling Order that gave Plaintiff ten days to file his final motion for leave to amend.[10] That order directed that Plaintiff's motion "must comply with D. Kan. Rule 15.1(a) and address any deficiencies noted in the Court's January 30, 2026 Order denying Plaintiff's prior motion for leave to amend."[11] After counsel appeared on behalf of Plaintiff, he timely filed his sixth and final motion to amend.[12] Applying Rule 15 and finding good cause to amend, Judge Weiland granted that motion.[13] Plaintiff filed his Third Amended Complaint on May 28, 2026.[14]

## II. Legal Standard

Defendant challenges Magistrate Judge Weiland's Order granting Plaintiff's Motion to Amend and File Third Amended Complaint, Under Fed. R. Civ. P. 72. Rule 72 allows a party to request review of a magistrate judge's order by providing specific, written objections. The

---

[5] Plaintiff filed both his First Amended Complaint (Doc. 13) and Second Amended Complaint (Doc. 33) *pro se*. Plaintiff also filed five motions to amend *pro se* (Docs. 10, 17, 22, 27, 40).

[6] Docs. 19, 43.

[7] Docs. 7, 15, 35.

[8] Docs. 12, 32.

[9] Doc. 24, Doc. 46. See also Plaintiff's Motion for Leave to Amend (Doc. 22), which Judge Weiland denied because Plaintiff should have instead filed his Response to Defendant's Motion to Dismiss (Doc. 24).

[10] Doc. 57.

[11] *Id.* at 1.

[12] Doc. 59.

[13] Doc. 62.

[14] Doc. 63.

district court reviews nondispositive decisions under a clearly-erroneous or contrary-to-law standard, and reviews dispositive orders *de novo*.[15] Under the more deferential standard that applies to nondispositive orders like this one, the Court must affirm factual determinations "unless the entire evidence leaves it 'with the definite and firm conviction that a mistake has been committed.'"[16] As to legal matters,

> the Court conducts an independent review and determines whether the magistrate judge['s] ruling is contrary to law. Under this standard, the Court conducts a plenary review and may set aside the magistrate judge['s] decision if it applied an incorrect legal standard or failed to consider an element of the applicable standard.[17]

The party seeking modification of the magistrate judge's order bears the burden to show that the order is clearly erroneous or contrary to law.[18]

## III. Discussion

Defendant argues that Judge Weiland's May 19, 2026 Order is "clearly erroneous and contrary to the law" because the Court applied Fed. R. Civ. P. 15 instead of the "good cause" standard of Fed. R. Civ. P. 16(b) when granting Plaintiff's most recent motion to amend.[19] But it was not clearly erroneous for Judge Weiland to apply Rule 15 and not Rule 16(b) when deciding Plaintiff's motion to amend. Rule 16(b) addresses changes to scheduling orders, not motions to amend. It only applies in the motion to amend context "[w]hen the deadline for amending the pleadings set in the scheduling order has passed before the motion to amend is filed."[20] Not so

[15] Fed. R. Civ. P. 72.

[16] *In re Motor Fuel Temp. Sales Pracs. Litig.*, 707 F. Supp. 2d 1145, 1147–48 (D. Kan. 2021) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)).

[17] *Id.* at 1148 (citations omitted).

[18] *Heartland Surgical Specialty Hosp., LLC v. MidWest Div., Inc.*, No. 05-2164, 2007 WL 9723883, at *3 (D. Kan. May 29, 2007).

[19] Doc. 65.

[20] *Estate of Ferrell ex rel. Ferrell v. KB Custom Ag Servs. LLC*, No. 23-2384, 2024 WL 3890144, at *1 (D. Kan. Aug. 20, 2024) (citing Fed. R. Civ. P. 16(b)(4)); *see also Minter*, 451 F.3d at 1205 n. 4 (noting that the Tenth

here. For here, the operative scheduling order, which the Court found "good cause" to permit, was the one the Court entered on April 15, 2026.[21] That order instructed Plaintiff to "address any deficiencies noted" in the order denying Plaintiff's Motion for Leave to Amend his Second Amended Complaint.[22] But the only deficiency noted in that order is that Plaintiff's motion was untimely—which it was—and that Plaintiff failed to establish good cause to amend the scheduling order.[23] Plaintiff cured those deficiencies in his sixth motion to amend.[24] The Court found good cause to amend the scheduling order after Plaintiff hired counsel,[25] and it did so. Thus, Plaintiff could (and did) meet the deadline to file his sixth motion to amend.[26]

Perhaps Defendant intended to challenge Judge Weiland's April 15, 2026 Amended Scheduling Order.[27] But Judge Weiland properly applied the Rule 16(b) standard in her decision to amend the Scheduling Order. In support of its position, Defendant cites multiple cases in which a Plaintiff attempted to amend a complaint filed *after* the scheduling deadline.[28] Defendant also cites multiple cases in which a party's decision to substitute counsel and/or

---

Circuit does not necessarily require "a party seeking to amend its pleadings after the scheduling order deadline," let alone a party who seeks to amend its pleadings within the operative scheduling order's deadlines, to "show 'good cause' for the amendment under Rule 16(b) in addition to the Rule 15(a) requirements"). Fed. R. Civ. P. 15(a), on the other hand, governs the amendment of pleadings before trial.

[21] Doc. 57 (citing "the recent entry appearance by counsel on behalf of Plaintiff, who was previously proceeding *pro se*," as "good cause to extend some of the Scheduling Order . . . deadlines").

[22] Doc. 57 at 1.

[23] Doc. 46.

[24] Doc. 59.

[25] Doc. 57.

[26] Docs. 62, 63.

[27] Doc. 57.

[28] *Estate of Ferrell ex rel. Ferrell v. KB Custom Ag Servs. LLC*, No. 23-2384, 2024 WL 3890144, at *1 (D. Kan. Aug. 20, 2024); *AKH Co., Inc. v. Univ. Underwriters Ins. Co.*, No. 13-2003, 2018 WL 2008860 at *4 (D. Kan. Apr. 30, 2018); *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014); *Tesone v. Empire Mktg. Servs.*, 942 F.3d 979, 988 (10th Cir. 2019); *Waterman v. Harred*, 23-3182, 2024 WL 5165731, at *3 (D. Kan. Dec. 19, 2024).

change legal strategies did not satisfy the "good cause" standard.[29] Neither situation applies. Here, Plaintiff met the deadline set by Judge Weiland's scheduling order. And Plaintiff did not substitute counsel; he obtained new counsel after formerly proceeding *pro se*. The Court finds that Judge Weiland's order was neither clearly erroneous nor contrary to the law.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Objection to the Magistrate's Memorandum and Order Granting Plaintiff's Motion for Leave to File a Third Amended Complaint (Doc. 65) is **overruled and denied**.

**IT IS SO ORDERED.**

Dated: September 16, 2026

S/ Julie A. Robinson
/JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

[29] *Bank of Com. & Tr., Co. v. Dominique*, No. 07-1332, 2009 WL 10688193, at *3 (D. Kan. Feb. 11, 2009); *Lyden v. Hogan Dedicated Servs., LLC*, No. 15-9289, 2016 WL 6778941, at *2 (D. Kan. Nov. 16, 2016).