**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JUSTIN GHANI,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ARS PHARMACEUTICALS,**<br><br>**Defendant.** | **Case No. 25-CV-2282-JAR-JBW** |

**MEMORANDUM AND ORDER**

Plaintiff Justin Ghani filed this lawsuit against his former employer, Defendant ARS Pharmaceuticals, Inc., alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII").[1] Before this Court is Defendant ARS Pharmaceuticals, Inc.'s Motion to Dismiss (Doc. 67). The motion is fully briefed, and the Court is prepared to rule. As described below, the Court denies Defendant's motion.

## I. Legal Standard

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[2] and include "enough facts to state a claim to relief that is plausible on its face."[3] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[4] "Thus, mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must

[1] 42 U.S.C. §§ 2000e–2000e-17.

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[3] *Id.* at 570.

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

offer specific factual allegations to support each claim."[5] The Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[6]

The Supreme Court has explained the analysis as a two-step process. First, the court "must take all of the factual allegations in the complaint as true, [but is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'"[7] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]

## II. Background

The following facts are alleged in the Third Amended Complaint[10] and assumed to be true for purposes of deciding the instant motion.

Plaintiff worked for Defendant as a Specialty Sales Representative from September 15, 2024 until his termination on March 20, 2025. In early 2025, Plaintiff approached management multiple times to inform them that he intended to take time off for the birth of his child, who was due on March 21, 2025. After those conversations, management began to treat Plaintiff differently from other employees. Management directly told Plaintiff that taking time off for the birth of a child would inconvenience the company and engaged him in multiple conversations

[5] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[6] *Iqbal*, 556 U.S. at 678.

[7] *Id.* (quoting *Twombly*, 550 U.S. at 555).

[8] *Id.* at 679.

[9] *Id.* at 678.

[10] Doc. 63.

about his ability to handle the job with his current and upcoming family responsibilities. Management also made clear that Spring 2025 was not the ideal time for an employee to have a new child. Human Resources told Plaintiff that he could take off two weeks, at most, for the birth of his child, but only if his direct supervisor approved it.

Plaintiff's manager did not approve the time off. According to the manager, a man has a different role than a woman does when a child is born. Plaintiff's manager also suggested that Plaintiff should look at his life and consider his duties "as a man."[11] Finally, on March 20, 2025, Plaintiff was terminated, effective immediately, for inadequate performance.[12] At that time, Plaintiff was ranked in the fiftieth percentile of similar employees working for Defendant. Forty-seven of Plaintiff's colleagues were ranked below him, and none of those colleagues were terminated for inadequate performance. Defendant has not terminated female employees for taking maternity leave.

## III. Discussion

The Court now considers Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6). In *Khalik v. United Air Lines*,[13] the Tenth Circuit provided an extensive analysis of the pleading standard for employment discrimination and retaliation claims under *Twombly*.[14] The court was careful to note that under *Twombly*, the plaintiff is not required to "set forth a prima facie case for each element" to successfully plead a claim of discrimination.[15] Instead, he is only required to "set forth plausible claims."[16] Nevertheless, "the elements of each alleged cause of action

---

[11] Doc. 63 ¶ 22.

[12] Doc. 63 ¶ 28.

[13] 671 F.3d 1188 (10th Cir. 2012).

[14] *Id.* at 1193–94.

[15] *Id.* at 1193.

[16] *Id.*

help to determine whether [the plaintiff] has set forth a plausible claim."[17] Therefore, the Court considers the prima facie elements of Plaintiff's gender discrimination claim to help determine if Plaintiff's Third Amended Complaint survives Defendant's Motion to Dismiss.

To establish a prima facie case of gender discrimination, a "plaintiff must present 'evidence that (1) the victim belongs to a protected class; (2) the victim suffered an adverse employment action; and, that (3) the challenged action took place under circumstances giving rise to an inference of discrimination.'"[18] A "[p]laintiff can establish a basis for inferring discrimination in various ways, including actions or remarks made by decision makers that could be viewed as reflecting a discriminatory animus, preferential treatment given to employees outside the protected class, or, more generally, upon the timing or sequence of events leading up to [the] plaintiff's termination."[19] Defendant challenges the third element of Plaintiff's prima facie case.

Defendant argues that Plaintiff provides only conclusory assertions of gender discrimination that "lack [the] sufficient factual support and facial plausibility necessary for the Court to reasonably infer Defendant discriminated against Plaintiff based on his sex."[20] The Court disagrees. Plaintiff asserted that his manager made several comments related to his gender and his stereotypical role "as a man." Defendant asserts that those comments were gender-neutral such that they are insufficient to establish an inference of discrimination. They were not. Plaintiff alleges several instances in which his manager specifically referenced his gender and the role the company expected him to play in his family because of that gender. Plaintiff also

---

[17] *Id.* at 1192.

[18] *Little v. Gray Media Grp., Inc.*, 790 F. Supp. 3d 1195, 1235 (D. Kan. 2025) (quoting *Ford v. Jackson Nat'l Life Ins.* , 45 F.4th 1202, 1215 (10th Cir. 2022)).

[19] *Id.* at 1236 (citation modified).

[20] Doc. 68 at 9.

alleges that Defendant fired him for failing to conform to male gender stereotypes. Taken as true, these are circumstances that could give rise to an inference of discrimination based on Plaintiff's sex.

Plaintiff also alleges that Defendant does not fire women who take maternity leave at the birth of a newborn, even those who are among the forty-seven employees whose performance ranks below Plaintiff's. Taken as true, that fact shows preferential treatment to similarly situated employees outside of the protected class.

Finally, Plaintiff alleges that he was terminated on March 20, 2025, one day before his child's due date. That, paired with the timeline of conversations Plaintiff had with his manager before his termination, could establish an inference of discrimination by its suspicious timing alone. These facts plausibly give rise to a claim that Plaintiff's termination was based on his gender.

In sum, Plaintiff has pled sufficient facts to support a plausible claim of gender discrimination under Title VII.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant ARS Pharmaceuticals, Inc.'s Motion to Dismiss (Doc. 67) is **denied.**

**IT IS SO ORDERED.**

Dated: September 28, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE